UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF TEXAS

*Reginald Leon Gage* Debtor.

*Nancy G. Groves*
                Movant,

*versus*

          Respondent.

*Reginald Leon Gage*

United States Courts
Southern District of Texas
FILED

FEB 0 6 2003

Michael N. Milby, Clerk

BANKRUPTCY CASE NUMBER

02-37414-H3-13

NO Fee

### NOTICE OF HEARING ON RELIEF FROM STAY

On __2-6-03__, a motion was filed, seeking relief from the automatic stay of 11 U.S.C. 362. The court has set the preliminary hearing on the motion for:

Date: __3-5-03__,

Time: __10:00 A__ .m.

Courtroom: __401__ on Floor: __4__ .

Address:   United States Court House, 515 Rusk Avenue, Houston, Texas 77002.

If you object to the lifting of the stay, no later than five (5) working days before the hearing you must:

1. File with the Clerk an affidavit stating that:

   a. You have conferred with the movant in a good faith effort to reach an agreement, with the dates and times of the conferences,
   b. The efforts were unsuccessful, and
   c. A hearing is required.

2. File with the Clerk your written answer opposing the motion; include:

   a. The particular grounds for the opposition under Federal Rules 8(b) and 11;
   b. The identity of your interest in the property;
   c. The provable value of the property and the equity after deduction of all encumbrances; and
   d. Attach copies of your affidavit of conferences and the motion to your answer.

3. Serve a copy of your written answer on the movant at:

Your written answer will be your request for hearing. No hearing will be held on the request of the movant or on an answer received within five days before the hearing.

Michael N. Milby, Clerk

Date Issued: __2/6/03__    By: __M. Allen__
                                 Deputy Clerk

*To the Movant:*    A copy of this notice with a copy of your motion must be served within 24 hours of receipt from the clerk. A proof of service form is on the back.

LOCAL FORM NO. 5        FMC-Lex

United States Courts
Southern District of Texas
FILED

FEB 0 6 2003

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **REGINALD LEON GAGE** | § | **CASE NO. 02-37414-H3-13** |
| | § | |
| Debtor | § | Chapter 13 |

## NANCY G. GROVES' MOTION TO LIFT STAY *AB INITIO*

**IF YOU WANT A HEARING, YOU MUST REQUEST ONE IN WRITING AND YOU MUST RESPOND SPECIFICALLY TO EACH PARAGRAPH OF THIS PLEADING. YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT WITHIN TWENTY (20) DAYS FROM THE DATE YOU WERE SERVED AND GIVE A COPY TO THE PERSON WHO SENT YOU THE NOTICE: OTHERWISE THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Nancy Groves ("Groves") a purchaser at a foreclosure sale of the property located at 6000 Reims No. 2003, Houston, Texas 77027 and files this Motion to Lift the Automatic Stay *Ab Initio* and in support thereof would show the Court the following:

1. Reginald Leon Gage ("Gage"), debtor herein, filed a voluntary petition under Chapter 13 of the Bankruptcy Code on or about February 28, 2001 ("the first petition").

2. Gage's bankruptcy schedule listed certain real property being 6000 Reims as his homestead. This property was subject to liens by both Citifinancial Mortgage Company and Diplomat Association, Inc., which is a condominium association.

3. On or about April 5, 2001 Diplomat Association, Inc. filed a motion for Relief From the Automatic Stay. It appears from their pleadings that Gage had failed to pay assessments to the condominium association as well as fail to pay post-petition assessments and related costs to the association for the months of March and April of 2001.

1—

4. The association requested that the automatic stay be terminated pursuant to Section 362(d)(1) of the Bankruptcy Code.

5. On April 26, 2001 an Agreed Order Conditioning Automatic Stay was entered by the Court. That Order is attached hereto and marked as Exhibit "A".

6. The debtor subsequently failed to comply with the terms of the Agreed Order and on or about December 7, 2002, the Court entered an order terminating the Automatic Stay with respect to Diplomat Association. Inc. That Order is attached hereto and marked as Exhibit "B".

7. Diplomat then listed the property for foreclosure and sold the property on or about July 2, 2002 to Nancy Groves.

8. The first petition was dismissed on June 26, 2002 for failure to make plan payments in a confirmed plan as required by Section 1307(C)(6) of the United States Bankruptcy Code.

9. On or about July 2, 2002 the exact same day Groves purchased Gage's property at foreclosure, Gage refilled a Chapter 13 petition ("the second petition") in the United States Bankruptcy Court. This refilling is in violation of Section 109 of the United States Bankruptcy Code, which states that a debtor must wait 180 days before filing a dismissed petition.

10. Groves comes now before this Court requesting the Court to lift the automatic stay that was in effect on July 2, 2002 *ab initio* and /or to declare the foreclosure sale that was a result of the termination of the automatic stay on December 7, 2001 valid. As the Groves purchased the property at 2:01 p.m. of the same day that Gage filed the second petition, there was no way for any party to the foreclosure sale to be aware of the second petition being filed. Furthermore, the file stamp on the second petition does not show the time of the filing which could have occurred after the completion of the sale.

11. Gage's refiling within one week of the dismissal of his first Chapter 13 petition was a nothing more than an attempt to stop the foreclosure sale of his property located at 6000 Reims and was also a violation of Judge Leal's Order (Exhibit A).

12. Should Court validate Groves' purchase of the property, she will take the property subject to any interest held by Citifinancial Mortgage. Groves is a sophisticated purchaser with the resources to protect Citifinancial's interest.

13. Groves alleges that the filing of the second petition by Gage on July 2, 2002 was a bad faith filing. Therefore the Bankruptcy Court has authority under 11 U.S.C. § 362(d) to lift the automatic stay *ab initio*. By doing so the Court will validate the foreclosure sale of the property known as 6000 Reims. Additional authority and case law for lifting automatic stay *ab initio* can be found at *Roe v. OCWEN Federal Bank and Trust* 220 B.R. 591 at 595 (Bkrtcy.S.D.Tex. 1997), which held that even assuming that the automatic stay was in effect at the time of the foreclosure sale of the debtor's home, as a result of the debtor's bad faith filing of a fifth successive Chapter 13 Petition, less than 180 days after dismissal of prior bankruptcy case with prejudice, the bankruptcy judge was within his discretion in refusing to void the sale and lifting the stay *ab initio*.

**WHEREFORE, PREMISES CONSIDERED,** Groves respectfully requests that this Court in all things grant this motion and lift the automatic stay *ab initio* and/or validate the foreclosure sale of the property known as 6000 Reims, declaring Groves the rightful owner of said property being purchased at foreclosure sale on July 2, 2002.

**MOVANT HAS COMPLIED WITH LOCAL BANKRUPTCY RULE 4001**

**APPROVED AND ENTRY REQUESTED:**


**GAMMON & PENDERGRAFT**


*[signature]*

Robert L. Pendergraft
State Bar of Texas No: 15743500
Federal Bar No.: 00000730
Bridgit Ann White
State Bar of Texas No: 24008269
One Greenway Plaza
Suite 1005
Houston, Texas 77046-0104
(713) 964-5330 Telephone
(713) 964-5341 Facsimile

ATTORNEY FOR NANCY GROVES


## CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing *Motion to Lift Stay Ab Initio or in the Alternative to Declare Foreclosure of Property Valid* has been forwarded by first class U.S. mail, postage prepaid, to Reginald Leon Gage, 6000 Reins #2003, Houston, Texas 77027; Jesse Aguinaga, Esq., The Center, Suite 670, 8323 Southwest Freeway, Houston, Texas 77074; William E. Heitkamp, Trustee, Office of Chapter 13 Trustee, 9821 Katy Freeway, Ste. 590, Houston, Texas 77024; and to all creditors on the attached mailing list.

**SIGNED** this _5th_ day of February 2003.


*[signature]*

Robert L. Pendergraft

4—

Citifinancial Mortgage Company
c/o Barrett Burke Wilson Castle Daffin
1900 St. James Plaintiff, Ste. 500
Houston, TX 77056

Dade County Tax Collector
140 W. Flagler St., Room 101
Miami, FL 33130

LABCORP
P.O. Box 8009
Burlington, NC 27216-8009

Moss Codilis Strawiarski Morris
9200 E. Mineral Ave. Ste. 329
Englewood, CO 80112

Americredit
P.O. Box 183853
Arlington, TX 76096

Max Flow
MBNA American Bank NA
P.O. Box 2434
Carol Stream, IL 60152

Arrow Financial
7301 North Lincoln Ave. #220
Lincolnwood, IL 60712-1733

John P. Dillman
P.O. Box 3064
Houston, TX 77253-3064

Law Office of David J. Stern
801 S. University Dr., Ste. 500
Plantation, FL 33324

R. Christopher Naylor
4801 Woodway, Ste. 420 W
Houston, TX 77056

Capital One Bank
P.O. Box 85167
Richmond, VA 23285

Patricia Dawson Gage
1031 N.E. 3rd Ave.
Homestead, FL 33030

K9031.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

UNITED STATES BANKRUPTCY COU
SOUTHERN DISTRICT OF TEXAS
ENTERED

APR 2 6 2001

Michael N. Milby, Clerk

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| REGINALD LEON GAGE, | § | CASE NO. 01-31909-H1-13 |
| | § | |
| Debtor | § | |

<u>**AGREED ORDER CONDITIONING AUTOMATIC STAY**</u>

On the 23rd day of April, 2001, came on for hearing, the *Motion for Relief from the Stay* filed by DIPLOMAT ASSOCIATION, INC. @6000 REIMS ("Association"), a secured creditor of REGINALD LEON GAGE ("Gage"), Debtor herein. The Court, having considered the Motion, response of Gage, if any, and representations to the Court that the parties have agreed to this Order, the Court is of the opinion that this Order should be ENTERED.

Based upon the agreement of the parties, IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

1.    **Automatic Stay.**  The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except to the extent provided hereinafter.

2.    **Current monthly payment/assessments.**  Gage shall continue to timely remit (defined as on or before the 5th day of each month) to the Association the regular post-petition monthly assessments of $250.00 beginning June 1, 2001, and a like installment due and payable on the 1st day of each and every month thereafter, together with any subsequent special assessments or fines, all pursuant to the Declaration dated August 16, 1984, and recorded under Harris County Clerk's File No. J653441 and Volume 148, Page 8, of the Harris County Real Property Records, such Declaration incorporated herein by reference for all purposes.

**EXHIBIT**

tabbies

A

K9031.2

3.     **Payments to Trustee.**  In addition to the regular payments of monthly maintenance assessments set forth in paragraph 2  above, Gage shall commence and/or continue to timely remit to the Trustee the monthly payments due under Gage's Chapter 13 Plan.

4.     **Payment of Arrearage.**  In addition to the regular payments of monthly maintenance assessments set forth in paragraph 2 above, Gage shall cure post-petition arrearage of maintenance assessments and related costs and pay attorneys fees and costs of court due the Association totaling $1,465.00.  Gage shall pay the Association such amount in the following manner:  (a) one (1) payment of $450.00 on or before May 15, 2001, and(b) five (5) monthly payments of $203.00, commencing June 15, 2001, and a like payment on the 15th day of each month thereafter, through and including October 15, 2001.  **There is no grace period on payments of arrearage due under the Agreed Order.**

5.     **Place for Payment.**   Gage shall pay all monies due under this Order to the Association, % Creative Management Company, 8323 Southwest Freeway, Suite 330, Houston, Texas 77074.

6.     **Effect of Tender of Non-Sufficient Funds.**  Gage's tendering of any check to the Association which is subsequently returned by any bank due to non-sufficient funds in the account upon which the check is drawn shall constitute no payment and a default under the terms of this Order.

7.     **Default.**  In the event the Association does not receive payments on or before the dates set forth in paragraphs 2 and 4 above, or should Gage fail to make timely payments to the Trustee as set forth in paragraph 3 above, the automatic stay shall terminate as to Gage without further order of this Court, and the Association shall be allowed to take any and all steps necessary to exercise any and all rights it may have in the following collateral, including foreclosure of its lien,

K9031.3

such property described as follows:

> Being part of GALLERIA DIPLOMAT TOWNHOMES, Phase One, a condominium project in the City of Houston, Harris County, Texas, as fully described in and as located, delineated and as defined in the Condominium Declaration for Galleria Diplomat Townhomes, together with the Survey Plat, By-Laws and Exhibits attached thereto, recorded in Volume 148, Page 8, *et seq.*, of the Condominium Records of Harris County, Texas

8.    **Conversion to Chapter 7.**  The payment terms of this Chapter 13 Agreed Order shall not survive upon conversion to a Chapter 7 and the Association shall not be bound by the payment schedule in the event of conversion.

9.    **Notice.**  Upon default by Gage, the Association shall provide one (1) ten (10) day notice to Gage at his last known address, by both regular and certified mail return receipt requested, and the undersigned attorney representing Gage, that the automatic stay will be terminated pursuant to the terms of this Order if not cured within such ten (10) day period, together with a payment of $50.00 to reimburse the Association for attorneys' fees incurred in providing such notice. The Association is under no obligation to provide any additional notices of default to Gage subsequent to the one (1) notice provided herein.

10.    **Termination of Agreed Order.**  Upon full and complete payment of arrearage as provided in paragraph 4 above, and further provided that Debtor is current with monthly payments/assessments as provided in paragraph 2 above, this *Agreed Order* shall terminate and no longer be in force and effect.

SIGNED this 25th day of April, 2001

UNITED STATES BANKRUPTCY JUDGE

**MOVANT HAS COMPLIED WITH LOCAL BANKRUPTCY RULE 4001**

UNOPPOSED

**Schedule EIC**
(Form 1040A or 1040)

Department of the Treasury
Internal Revenue Service   (99)

**Earned Income Credit**
Qualifying Child Information

*Complete and attach to Form 1040A or 1040
only if you have a qualifying child.*

OMB No. 1545-0074

**2001**

43

Name(s) Shown on Return

TAM  H & THU  VAN  T  LE

Your Social Security Number

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

*Before you begin:*  See the instructions for Form 1040A, lines 39a and 39b, or Form 1040, lines 61a and 61b, to make sure that (a) you can take the EIC and (b) you have a qualifying child.

**Caution:**
- If you take the EIC even though you are not eligible, you may not be allowed to take the credit for up to 10 years. See the instructions for details.
- It will take us longer to process your return and issue your refund if you do not fill in all lines that apply for each qualifying child.
- Be sure the child's name on line 1 and social security number (SSN) on line 2 agree with the child's social security card. Otherwise, at the time we process your return, we may reduce or disallow your EIC. If the name or SSN on the child's social security card is not correct, call the Social Security Administration at 1-800-772-1213.

| Qualifying Child Information | Child 1 | Child 2 |
|---|---|---|
| **1 Child's name** | First name / Last name | First name / Last name |
| If you have more than two qualifying children, you only have to list two to get the maximum credit . . . . . . . . . . | KATHERINE M LE | |
| **2 Child's SSN** The child must have an SSN as defined in the Form 1040A or Form 1040 instructions unless the child was born and died in 2001. If your child was born and died in 2001 and did not have an SSN, enter 'Died' on this line and attach a copy of the child's birth certificate . . . . . . . . . . . . . . . . . . . . . . . . . . | 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 | |
| **3 Child's year of birth** . . . . . . . . . . . . . . . . . . . . . . . . . . | Year 1998  *If born after 1982, skip lines 4a and 4b; go to line 5.* | Year _____  *If born after 1982, skip lines 4a and 4b; go to line 5.* |
| **4 If the child was born before 1983 —** | | |
| a Was the child under age 24 at the end of 2001 and a student? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | ☐ Yes. *Go to line 5.*  ☐ No. *Continue* | ☐ Yes. *Go to line 5.*  ☐ No. *Continue* |
| b Was the child permanently and totally disabled during any part of 2001? . . . . . . . . . . . . . . . . . . . . . . | ☐ Yes. *Continue*  ☐ No. *The child is not a qualifying child.* | ☐ Yes. *Continue*  ☐ No. *The child is not a qualifying child.* |
| **5 Child's relationship to you** (for example, son, daughter, grandchild, foster child, etc) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | Daughter | |
| **6 Number of months child lived with you in the United States during 2001** • If the child lived with you for more than half of 2001 but less than 7 months, enter '7'. • If the child was born or died in 2001 and your home was the child's home for the entire time he or she was alive during 2001, enter '12' . . . . . . . . . . . . . . . . . | 12 months  *Do not enter more than 12 months.* | _____ months  *Do not enter more than 12 months.* |

**TIP**  You may also be able to take the additional child tax credit if your child (a) was under age 17 at the end of 2001, (b) is claimed as your dependent on line 6c of Form 1040A or Form 1040, and (c) is a U.S. citizen or resident alien. For more details see the instructions for line 40 of Form 1040A or line 63 of Form 1040.

BAA  For Paperwork Reduction Act Notice, see Form 1040A or 1040 instructions.

Schedule EIC (Form 1040A or 1040) 2001

K9589.1

United States Courts
Southern District of Texas
FILED

DEC 0 7 2001

Michael N. Milby, Clerk

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

IN RE:                                §
                                      §
REGINALD LEON GAGE                    §          CASE NO. 01-31909-H1-13
                                      §
Debtor                                §

## NOTICE OF TERMINATION OF AUTOMATIC STAY
## DUE TO DEFAULT

On April 25, 2001, an *Agreed Order Conditioning Automatic Stay* was entered by this Court.

The Debtor has subsequently failed to comply with the terms of the *Agreed Order*. On May 25,

2001 and October 9, 2001, default letters were sent to Debtor as required by Paragraph 9 of the

*Agreed Order*. Debtor remains in default of the terms of the *Agreed Order*, specifically, paragraph

2 of the *Agreed Order*.

THEREFORE, in accordance with Paragraph 7 of the *Agreed Order*, the automatic stay is

terminated with respect to DIPLOMAT ASSOCIATION, INC. @6000 REIMS.

SIGNED this ___7Th___ day of December, 2001.

EXHIBIT

B

K9031.4

**APPROVED AND ENTRY REQUESTED:**

**FRANK, ELMORE, LIEVENS,**
**CHESNEY & TURET, L.L.P.**


_WLS. Chesney_

William S. Chesney, III
State Bar No. 04186550
808 Travis, Suite 2600
Houston, Texas  77002-5705
Telephone: 713-224-9400
Facsimile: 713-224-0609

**ATTORNEYS FOR DIPLOMAT ASSOCIATION,**
**INC. @6000 REIMS**


[SEE ATTACHED]

J. F. Aguinaga
State Bar No. 00798026
8323 Southwest Freeway, Suite 670
Houston, Texas 77074
Telephone:
Facsimile: 713-772-7725

**ATTORNEY FOR DEBTOR**

K9589.2

Respectfully submitted,

**FRANK, ELMORE, LIEVENS,
CHESNEY & TURET, L.L.P.**

William S. Chesney, III
State Bar No. 04186550
808 Travis Street, Suite 2600
Houston, Texas 77002-5705
Telephone: 713-224-9400
Facsimile: 713-224-0609

**ATTORNEYS FOR DIPLOMAT
ASSOCIATION, INC. @6000 REIMS**

K0031A

**APPROVED AND ENTRY REQUESTED:**

**FRANK, ELMORE, LIEVENS,**
  **CHESNEY & TURET, L.L.P.**

William S. Chesney, III
State Bar No. 04186550
808 Travis, Suite 2600
Houston, Texas 77002-5705
Telephone: 713-224-9400
Facsimile: 713-224-0609

**ATTORNEYS FOR DIPLOMAT ASSOCIATION,**
**INC. @6000 REIMS**

J. F. Agginaga
State Bar No. 00798026
8323 Southwest Freeway, Suite 670
Houston, Texas 77074
Telephone:
Facsimile: 713-772-7725

**ATTORNEY FOR DEBTOR**

K9589.3

# CERTIFICATE OF SERVICE

I, the undersigned attorney, hereby certify that a true and correct copy of the foregoing *Notice of Termination of Automatic Stay Due to Default* has been forwarded by first class U.S. mail, postage prepaid, to Reginald Leon Gage, 1433 West Loop South, Houston, Texas 77027; Jesse Aguinaga, Esq., The Center, Suite 670, 8323 Southwest Freeway, Houston, Texas 77074; Daniel E. O'Connell, Trustee, Post Office Box 13, La Porte, Texas 77572-0013; and to all creditors on the attached mailing list.

**SIGNED** this ___7th___ day of December, 2001.

William S. Chesney, III

Aguinaga & Associates
Jesse Aguinaga, Attorney at Law
The Center
3323 S.W. Frwy., Suite 670
Houston, Texas 77074

First Premier Bank
4610 0787 0228 7863
PO Box 5147
Sioux Falls, SD 57117-5147

Labcorp
26-T02527154-3/42999902
PO Box 8009
Burlington, NC 27216-8009

Aguinaga & Associates
Jesse Aguinaga, Attorney at Law
The Center
3323 S.W. Frwy., Suite 670
Houston, TX 77074

First Premier Bank
4610028702287863
PO Box 5147
Sioux Falls, SD 57117-5147

Labcorp
7207 N. Gessner
Houston, TX 77040

Anesthesia Specialist Houston
2101652
PO Box 3264
Houston, TXC 77210-3264

First Union
4386-4120-1175-2357
PO Box 2357
Brunswick, GA 31521-2357

Law Offices of David J. Stern
C. Diane Dennis
801 S. University Drive, Ste
Plantation, FL 33324

Associates Home Equity
3426033-0368236
PO Box 200437
Dallas, TX 75320-0437

Ford Motor Credit
P.O. Box 152271
Irving, TX 75015-2271

Linebargen, Heard, Goggan, Bla
1161370010003
1021 Main Street, 15th Floor
Houston, TX 77002

Associates Home Equity Services
3426033-0383023
PO Box 650404
Dallas, TX 75320

Ford Motor Credit Company
DHN205J75F
PO Box 537901
Livonia, MI 48153-7901

Linebargen, Heard, Goggan, Bla
116-137-001-0003
1021 Main Street, 15th Floor
Houston, TX 77002

Baptist Medical Group
5819
Phillip George, MD
PO Box 026699
Miami, FL 33102-5599

Ford Motor Credit Company
PO Box 537901
Livonia, MI 48153-7901

Miami-Dade County Tax Collect
0040336828
140 W Flagler 14 FLR
Miami, FL 33130

Capital One
4121-7416-2876-2564
P.O. Box 60000
Seattle, WA 98190-6000

Frank, Elmore, Lievens, Chesney,
Niels Emerson Building
808 Travis Street, Suite 2600
Houston, TX 77002-5778

Moss Al Codilis, Stawiarski, Mo
9200 E. Mineral Ave., Suite 3
Englewood, CO 80112

Coldata Collection
3979 Marcus Avenue
Lake Success, NY 11042

Gage, Reginald Leon
6000 Reims #2003
Houston, TX 77027

NCO Financial
SAK32737
360 Westridge Drive
Watsonville, CA 95076

Columbia Woman's Hospital of Texas
5195223
3500 Fannin
Houston, TX 77027

Houston Cellular
88164454
P.O. Box 660732
Dallas, TX 75266-0732

Patricia Dawson Gage
9042 S.W. 142 Avenue, #218
Miami, FL 33186

Dynamic Recovery
80201
1775 Villa Crook Ste 290
Dallas, TX 75234

Houston Women's Care Assoc.
22476
PO Box 1262
Houston, TX 77251

Quest Diagnostics
15927162634
PO Box 675400
Rancho Santa Fe, CA 92067-540

r(s):  Reginald Leon Gage

Case No:  01-31909-H1-13
Chapter:  13

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

Southwest Family Practice
391
PO Box 1804
Sugarland, TX 77487-1804


Southwestern Bell
713-840-8256-723
Collection Division
PO Box 90245
rlington, TX 76004


outhwestern Bell
81-251-6723-744
ollection Division
O Box 90245
rlington, TX 76004


ne Women's Hospital of Texas
5467686
O Box 406299
lanta, GA 30384-6299


ne Women's Hospital of Texas
5467528
) Box 406299
lanta, GA 30384-6299


e Women's Hospital of Texas
45789
 Box 406299
anta, GA 30384-6299


nen's Radiology Assoc., PA
.605
.8 Westheimer #1312
iston, TX 77057